IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 30, 2018

**STATE OF TENNESSEE v. REBECCA DOLES**

**Appeal from the Circuit Court for Hardeman County**
**No. 17-CR-6 J. Weber McCraw, Judge**

_____

**No. W2018-00528-CCA-R3-CD**

_____

The Defendant-Appellant, Rebecca Doles, appeals from the revocation of supervised probation by the Hardeman County Circuit Court. On appeal, the Defendant argues that the trial court abused its discretion by revoking the Defendant's probation and ordering her to serve the balance of her sentence in confinement. Upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and TIMOTHY L. EASTER, JJ., joined.

J. Colin Rosser, Somerville, Tennessee, for the Defendant-Appellant, Rebecca Ann Doles.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Mark E. Davidson, District Attorney General; and Joe L. Vandyke, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 1, 2017, the Defendant entered a guilty plea to two counts of delivery of a Schedule II controlled substance (methamphetamine) and one count of delivery of a counterfeit controlled substance, for which she received an effective sentence of ten years, to be suspended after 150 days in confinement. On January 4, 2018, a probation violation report was issued alleging that on December 31, 2017, the Defendant tested positive for methamphetamine in violation of her probation order. The trial court issued a warrant for the Defendant's arrest on January 7, 2018, and cited the following ground: "Rule 8 Violation: The offender failed her administered drug screen given by her

supervising officer [] for Methamphetamine. She stated she wanted it sent off to the lab, which it was and confirmed on 12/31/17 she was positive for Methamphetamine."

At the February 28, 2018 probation revocation hearing, the Defendant's probation officer testified and confirmed the allegations that the Defendant tested positive for methamphetamine. The Defendant did not challenge the test results. On cross-examination, the probation officer confirmed that this was the Defendant's first offense. She agreed the Defendant did not appear to "struggle with drug abuse[.]" On voir dire by the court, the probation officer confirmed that the Defendant looked into rehabilitation but did not attend.

The Defendant testified that she tested positive for methamphetamine because she had "a drug problem." She confirmed that the trial court instructed her to attend long-term rehabilitation, that she spoke with three long-term rehabilitation facilities, and that she was accepted to one facility. The Defendant said she completed "a drug assessment" but that her previous attorney instructed her to postpone entering into rehabilitation as she was awaiting pending charges in a separate case. While waiting to see if she would be indicted in January of 2018, the Defendant "relapsed" in December of 2017. She agreed that she was now willing to enter long-term rehabilitation. On cross-examination, the Defendant explained that her separate case consisted of seven pending drug charges and that she relapsed because of a "family issue."

At the conclusion of the hearing, the trial court found that the Defendant requested help with her drug problem to which the trial court instructed her to attend long-term rehabilitation. The trial court found that the Defendant refused to go to rehabilitation and subsequently failed her drug test while on probation. The court said, "Even though it's her first violation, these are violations to serious charges." The trial court found that the Defendant violated her probation and revoked the Defendant's probation, ordering her to serve the balance of her sentence in confinement. It is from this order that the Defendant now appeals.

**ANALYSIS**

On appeal, the Defendant argues that the trial court abused its discretion by revoking her probation, declining further community supervision and rehabilitation, and ordering confinement for the balance of the Defendant's sentence. The State contends, and we agree, that revocation was proper.

After determining that a defendant "has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence, and [c]ause the defendant to commence

- 2 -

the execution of the judgment as originally entered, or otherwise, in accordance with § 40-35-310[.]" T.C.A. § 40-35-311(e)(1)(A). Probation revocation rests within the sound discretion of the trial court, and this court will not disturb the trial court's ruling absent an abuse of that discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, the defendant must show "that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." Harkins, 811 S.W.2d at 82 (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Once the trial court decides to revoke a defendant's probation, it may (1) order confinement; (2) order the sentence into execution as initially entered, or, in other words, begin the probationary sentence anew; (3) return the defendant to probation on modified conditions as necessary; or (4) extend the probationary period by up to two years. See State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999) (citations omitted); State v. Larry Lee Robertson, No. M2012-02128-CCA-R3-CD, 2013 WL 1136588, at *2 (Tenn. Crim. App. Mar. 19, 2013); State v. Christopher Burress, No. E2012-00861-CCA-R3-CD, 2013 WL 1097809, at *6 (Tenn. Crim. App. Mar. 18, 2013); T.C.A. §§ 40-35-308, -310, -311.

In this case, there was substantial evidence to support the trial court's order revoking the Defendant's probation. The Defendant admitted to the facts presented and to the probation violation. After refusing the trial court's instruction to attend long-term rehabilitation, the Defendant relapsed and violated her probation. To the extent that the Defendant argues that this is her first violation and public policy supports rehabilitation over incarceration, this court has repeatedly cautioned that an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing. See State v. Jennifer Renee Dennis, No. M2010-01596-CCA-R3-CD, 2011 WL 1844080, at *3 (Tenn. Crim. App. May 16, 2011) (citations omitted), perm. app. denied (Tenn. July 18, 2011). Accordingly, we conclude that the trial court did not abuse its discretion in revoking the Defendant's supervised probation and ordering her to serve the balance of her sentence incarcerated. The Defendant is not entitled to relief.

**CONCLUSION**

Based on the foregoing reasoning and analysis, the judgment of the trial court is affirmed.

_____

CAMILLE R. MCMULLEN, JUDGE

- 3 -